CHARLES KINSEY, Plaintiff in Error, *v.* ISAAC NISLEY *et al.,*
Defendants in Error.

### ERROR TO EFFINGHAM.

The interest laws of 1845 and 1849 are in *pari materia,* and should be so construed as that both may stand ; the latter allows six instead of ten per cent. interest for money loaned, leaving the penalty provided in the fourth section of the former law in force, where more than ten per cent. is reserved for money loaned.

Where it is shown, under the act of 1849, that ten per cent. has been reserved on a contract, other than for loaned money, there is only a forfeiture of the overcharged interest.

THIS was an action of assumpsit, commenced by the plaintiff in error against the defendants in error, in the county of Effingham, at the October term, A. D. 1855. The suit was commenced in the Circuit Court of said county, on a promissory note, signed by the defendants and payable to the plaintiff, for the sum of $200. The defendants appeared and filed their several pleas to said suit. The first plea was *non assumpsit;* the second was a special plea of usury ; the third was usury *in payment;* and the fourth was the sale of land and usury thereon.

Issue was taken on the first and second pleas. It seems that several demurrers were filed. The court sustained a demurrer to the third plea, and overruled it as to the second plea ; the demurrer was withdrawn as to the second plea, and a replication was filed thereto. The cause was then, by consent of parties, submitted to the court, EMERSON, Judge, without the intervention of a jury. After hearing the evidence, the issue was found for the plaintiff on the first plea of non assumpsit, and the issue on the second plea for the defendant ; thereupon the court ordered and adjudged that the whole of the plaintiff's claim be forfeited for usury ; two-thirds to go to the county of Effingham, and one-third to go to the defendants.

LINCOLN & HERNDON, for Plaintiff in Error.

W. B. COOPER, for Defendants in Error.

BREESE, J. The question presented in this case is, does the act " to amend the interest laws of this State," approved Jan. 30, 1849, repeal the fourth section of the act of 1845, ch. 54, title Interest, R. S. 295 ? By some oversight, this section of the act of 1845, and the act of 1849, are both omitted from the compilation of the statutes, by Scates, Treat and Blackwell, cited as " Scates' Compilation."

By the first section of the act of 1845, the rate of interest

was limited to six per cent. for the loan or forbearance of money—no greater amount could be taken or reserved. If a greater amount was reserved, then the fourth section made this provision:

" Wherever, in any action brought on any contract or assurance for the payment of money or any other thing, it shall appear to the court before which such action shall be tried, by the pleadings on the case, and on application of the defendant, that a greater rate of interest shall have been, directly or indirectly, reserved, discounted, or taken, than is allowed by this chapter, the defendant shall recover his full costs, and the plaintiff shall forfeit three-fold the amount of the whole interest reserved, discounted, or taken, and shall have judgment and execution for the balance only, which may remain due upon said contract or assurance after deducting three-fold the amount of said interest, one-third part of which shall be paid to the defendant, and the remaining two-thirds shall be paid into the county treasury of the county in which such suit shall have been instituted."

This was the law up to January 30, 1849, when the act to amend the interest laws was passed. (Laws of 1849, page 98.) The object of that act is very apparent. It contains but two sections, the first declaring that money may be loaned at such rate of interest, not exceeding ten per cent. per annum on each hundred dollars, as the parties may agree upon; anything in the laws of this State to the contrary notwithstanding.

The second section provides, that on the trial of any action brought upon a promissory note, or writing obligatory, in any of the courts of this State, wherein is reserved a higher rate of interest than six per cent. per annum, it shall be lawful for the defendant to set up and plead as a defense in any such suit, that the consideration of said note or writing obligatory was *not* " money loaned," and if upon the trial of that issue it shall be found that the said note or writing obligatory on which the suit was brought, was not given for money loaned, then the court was required to render judgment for the principal sum only, and six per cent. interest thereon.

This was the law at the time the note in this suit was given, and it was given for " money loaned," and a greater rate of interest than ten per cent. was taken and reserved.

Keeping in view the general rules for construing statutes, we have no difficulty in deciding, that the act of 1849 did not repeal, or design to repeal, the fourth section of the act of 1845.

The object of the act of 1849, was to allow a greater rate of interest to be reserved in a note given for " money loaned," and

nothing more. It interferes no further with the act of 1845 than this. It amends the first section of that act by allowing ten per cent. instead of six, on the loan or forbearance of money, leaving the penalty provided in the fourth section to operate in all cases where a greater rate of interest is reserved than ten per cent. for money loaned. Where it is shown, under the act of 1849, that ten per cent. has been reserved on a contract not for "money loaned," there is only a forfeiture of the over-charged interest. Where it is shown that a greater rate than ten per cent. has been reserved "for money loaned," then the penalty provided by the fourth section can be invoked. The act of 1849, nowhere in terms, nor by implication, repeals this section. The legislature had it not in view to do so, as is apparent from the provisions of the act of 1849. The law of 1845, limiting the rate of interest to six per cent., was found to be unjust—the remedy applied was, increasing the rate to ten per cent. for the loan of money, leaving the other provisions of the act as they found them. This, and this only, was the intention of the legislature, as we gather it from the particular provisions of the act, and the general context. The acts of 1845 and 1849 are in *pari materia*, and must be construed so that both may stand, if that be possible. This is a familiar principle in construing statutes.

The fourth section of the act of 1845 being in full force, so far as the note sued on in this case is affected by it, the judgment of forfeiture pronounced by the Circuit Court was correct, and we affirm the judgment.

*Judgment affirmed.*